FILED
CLERK, U.S. DISTRICT COURT

DEC 23 2022

CENTRAL DISTRICT OF CALIFORNIA
BY           AF            DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC CHRISTIE,<br><br>Defendant. | Case No.  22-MJ-5016<br><br>ORDER OF DETENTION |

I.

On December 23, 2022, Defendant made his initial appearance in this district on the criminal complaint filed in the District of Columbia. Defendant was represented by retained counsel, George Newhouse. The government was represented by Assistant United States Attorney Hava Mirell. A detention hearing was held. The Court heard testimony from FBI Special Agent Eric Turner and witness Asafeh Shirafaan. Government's Exhibits 1, 2, 4, 6, 7, 8, and 9 were admitted into evidence.

☐  On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒  On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the

history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing including the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Defendant has a history of resisting law enforcement contacts and failing to abide by orders from law enforcement, including failure to abide by instructions to turn off his vehicle and step out of his car during a traffic stop even after being informed that he was not free to leave. Based on this history of prior law enforcement contacts, a SWAT team was used to effectuate Defendant's arrest. During the attempted arrest at Defendant's residence, Defendant refused to leave his residence without weapons, possessed a gun in his hand which was pointed at the entrance to his residence, and told law enforcement officers they "better come in here shooting." Even after the arrival of Defendant's attorney, friends and family members, who asked Defendant to come out of his residence unarmed, Defendant refused to do so for a period of two hours, claiming that the FBI had no lawful authority and that the search warrant was not valid, despite his attorney's assurance that the search warrant was validly issued and that Defendant should surrender. When Defendant was handcuffed by law enforcement agents, he continued to exhibit aggressive behavior and several agents were required to take defendant into custody.

As to danger to the community:

☒ Allegations in the criminal complaint.

☒ Defendant possessed a loaded firearm when agents attempted to arrest him and refused to leave his residence unarmed, despite requests from his attorney

2

that he do so. A search of Defendant's residence revealed a loaded firearm, and evidence of the crimes charged in the criminal complaint.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial and be transported to the United States District Court for the District of Columbia for further proceedings.[1] <u>The Court directed government counsel to follow up with government counsel in the charging district regarding Defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: December 2, 2022

/s/
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant requested a preliminary hearing on the charges in the complaint which is scheduled for January 10, 2022 at 10:00 a.m. Therefore, Defendant will not be removed until that date, unless an indictment is returned before January 10, 2022.